THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTONIO R. WILLIAMS, Defendant-Appellant.

Fourth District   No. 4—09—0410

Modified opinion filed September 9, 2010.—Rehearing denied October 26, 2010.

Michael J. Pelletier, Karen Munoz, and Martin J. Ryan, all of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE POPE delivered the opinion of the court:

In March 2009, a jury convicted defendant, Antonio R. Williams, of possession with intent to deliver cannabis (720 ILCS 550/5(c) (West 2008)), a Class 4 felony. In May 2009, the trial court sentenced defendant to 18 months' imprisonment and imposed, among other fines and fees, a $140 street-value fine. The court awarded defendant 28 days' credit toward his prison term and, accordingly, awarded him $140 in credit toward fines pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110—14(a) (West 2008)). Defendant seeks remand with directions to apply the credit of $140 against his outstanding fines.

## I. CREDIT TOWARD FINES

■ As the record shows the trial court awarded defendant a $140 credit toward fines and the circuit clerk's records show defendant has not received the credit awarded by the court, we remand with directions to apply the $140 credit to defendant's outstanding fines.

## II. APPEAL COSTS

In its brief on appeal, the State requested costs be assessed against defendant pursuant to section 4—2002(a) of the Counties Code (55 ILCS 5/4—2002(a) (West 2008)). This court awarded $50 in costs in its summary order filed on September 9, 2010. In his petition for rehearing, defendant argues the State is not entitled to costs pursuant to section 4—2002(a) because the cause was defended by the State's Attorney's Appellate Prosecutor's office and not the State's Attorney. We disagree.

Pursuant to section 4—2002(a) of the Counties Code, a State's At-

torney is entitled to a $50 fee when an appeal is "prosecuted or defended by him." 55 ILCS 5/4—2002(a) (West 2008). In this case, the Champaign County State's Attorney entered an appearance in this appeal, as it was the first party listed on the State's brief. It was also listed as the first party who had "Respectfully Submitted" the brief on the State's behalf.

■ Section 4.01 of the State's Attorneys Appellate Prosecutor's Act (Act) (725 ILCS 210/4.01 (West 2008)) provides as follows:

> "The Office [of the State's Attorney's Appellate Prosecutor] and all attorneys employed thereby may represent the People of the State of Illinois on appeal in all cases which emanate from a county containing less than 3,000,000 inhabitants, when requested to do so and at the direction of the State's Attorney, otherwise responsible for prosecuting the appeal, and may, with the advice and consent of the State's Attorney prepare, file[,] and argue such appellate briefs in the Illinois Appellate Court ***."

Under the Act, the State's Attorney has the authority to request and direct that its appeals be prosecuted by the State's Attorney's Appellate Prosecutor's office. That office is in essence acting on behalf of the State's Attorney. Because the Champaign County State's Attorney entered her appearance, the appeal was one "prosecuted or defended" by her regardless of who prepared the State's brief. Thus, the State is entitled to its $50 statutory assessment.

Defendant presents a second argument claiming the costs of the appeal handled by the State's Attorney's Appellate Prosecutor's office are paid by a "special fund" in the state treasury, which is "funded from contributions collected from the counties in the program." 725 ILCS 210/9 (West 2008). However, that a special fund is used for the expenses of the State's Attorney's Appellate Prosecutor does not prohibit the granting of the statutory assessment. The $50 fee pursuant to section 4—2002(a) is deposited into the county fund for the county from which the appeal was taken. Here, the State was represented by both the Champaign County State's Attorney and the State's Attorney's Appellate Prosecutor, and the distribution of the fee awarded to the State is of no consequence to this court.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment and remand with directions to apply the $140 credit against defendant's outstanding fines. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed and remanded with directions.

TURNER and McCULLOUGH, JJ., concur.